In re NEW MOTOR VEHICLES CA-
NADIAN EXPORT ANTITRUST
LITIGATION

No. 1532.

Judicial Panel on Multidistrict Litigation.

June 25, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the six actions in the Eastern District of New York and four actions pending, respectively, in the Northern District of California, the Southern District of Florida, the Northern District of Illinois, and the District of Massachusetts as listed on the attached Schedule A.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in all actions for coordinated or consolidated pretrial proceedings of the actions in the Eastern District of New York or, alternatively, the District of Massachusetts. The responding defendants[2] support Section 1407 centralization

---

* Judge Keenan took no part in the decision of this matter.

1. In addition to the actions presently before the Panel, the parties have identified sixteen related actions pending as follows: nine actions in the Eastern District of New York, three actions in the District of Massachusetts, two actions in the Northern District of California, and one action each in the District of

New Jersey and the Eastern District of Pennsylvania. These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. The responding defendants are: BMW of North America LLC; Daimler Chrysler Corp.; Ford Motor Co.; American Honda Motor Co.,

and favor the District of Massachusetts as transferee district.[3]

■ On the basis of the papers filed and hearing session held, the Panel finds that these ten actions involve common questions of fact, and that centralization under Section 1407 in the District of Maine will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of an alleged unlawful conspiracy to prevent new motor vehicles sold in Canada from being imported into the United States. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ Turning to selection of the transferee court for this litigation, given the geographic dispersal of constituent actions and potential tag-along actions, no single district stands out as the geographic focal point for this nationwide litigation. Thus, we have searched for a transferee judge with the time and experience to steer this litigation on a prudent course. In the Honorable D. Brock Hornby in the District of Maine, we find an exceedingly able jurist who stands ready to guide this litigation toward an expeditious conclusion. We also note the proximity of this district to Canada, where the vehicles involved in the alleged conspiracy were sold and from which the exportation of those vehicles to the United States was allegedly restrained.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A are transferred to the District of Maine and, with the consent of that court, assigned to the Honorable D. Brock Hornby for coordinated or consolidated pretrial proceedings.

### SCHEDULE A

*MDL–1532—In re New Motor Vehicles Canadian Export Antitrust Litigation*

*Northern District of California*

George C. Jaynes, et al. v. General Motors Corp., et al., C.A. No. 3:03–652

*Southern District of Florida*

Richard Jaffe v. General Motors Corp., et al., C.A. No. 1:03–20378

*Northern District of Illinois*

Andre Rodriguez v. General Motors Corp., et al., C.A. No. 1:03–1161

*District of Massachusetts*

Cathy–Ann Accomando v. General Motors Corp., et al., C.A. No. 1:03–10304

*Eastern District of New York*

B. Alison Sharrett v. General Motors Corp., et al., C.A. No. 1:03–771

Carlos Velez, et al. v. General Motors Corp., et al., C.A. No. 1:03–818

Daniel E. Herschberg v. General Motor Corp., et al., C.A. No. 1:03–838

Jason Leyner v. General Motors Corp., et al., C.A. No. 1:03–886

---

Inc.; General Motors Corporation; Mercedes–Benz USA LLC; National Automobile Dealers Association; Nissan North America, Inc.; and Toyota Motor Sales U.S.A., Inc.

**3.** Plaintiff in a potential tag-along action in the District of New Jersey also supported centralization in the District of Massachusetts and, alternatively, suggested centralization in the Central District of California or the District of New Jersey; however, this plaintiff later withdrew his response.

*Joseph Carroll v. General Motors Corp.,*
*et al.,* C.A. No. 1:03–959

*John C. Crow v. General Motors Corp.,*
*et al.,* C.A. No. 1:03–1023